**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Alice Jeanette Cooper,

Plaintiff,

v.

loanDepot.com LLC, et al.,

Defendants.

No. CV-26-08177-PCT-KML

**ORDER**

This case concerns the threatened foreclosure of plaintiff Alice J. Cooper's home. Cooper moves for a preliminary injunction barring the scheduled trustee's sale. Because Cooper has not shown a likelihood of success or serious questions going to the merits on any of her legal theories, the motion is denied.

## I. Background

Cooper inherited a home in Lake Havasu City after the original borrower, Robert M. Cox, died in March 2022. (Doc. 7 at 2.) Cooper was later confirmed as successor in interest on the VA-guaranteed mortgage loan. (Doc. 7 at 2.) She has lived at the property since 2021. (Doc. 7 at 2.) LoanDepot.com, LLC serviced the loan until March 2025, when Fay Servicing, LLC began doing so. (Doc. 8-3 at 48.)

In 2023, Cooper entered into a loan modification with loanDepot that she understood would bring the loan current. (Doc. 7 at 3–4, 14.) She declares she thereafter made payments as loanDepot instructed, although loanDepot held many of those payments in a suspense account before applying them to the loan in 2024. (Docs. 7 at 4–5; 8-3 at 48.)

When servicing transferred to Fay in March 2025, Fay's records showed the loan remained delinquent, with the February 2025 payment still due. (Doc. 8-3 at 48–49.) Fay later stopped accepting Cooper's regular monthly payments and required her to pay the full past-due amount to bring the loan current. (Doc. 8-3 at 49.) Cooper contends the servicers' handling of her payments caused the delinquency that ultimately led to foreclosure. (Doc. 6 at 2–3.)

A trustee's sale of the property is scheduled for September 9, 2026. (Doc. 7-9 at 2.) On July 14, Cooper submitted a loss-mitigation application to Fay, which Fay acknowledged was complete. (Doc. 7 at 6.) Fay later offered Cooper a VA 40-Year Modification and gave her until August 18 to accept the offer or seek reevaluation. (Doc. 15 at 2, 4, 7.) As of August 12, Cooper had not accepted or rejected the offer, and the sale remained scheduled. (Doc. 15 at 2.) Cooper filed this action on July 26 and moved for a preliminary injunction three days later. (Docs. 1; 6.) Neither Fay nor U.S. Bank opposed the motion. LoanDepot, against whom Cooper does not seek injunctive relief, filed a statement explaining that it no longer services the loan and "takes no position" on the requested injunction. (Doc. 21 at 1.)

## II. Legal Standard

Generally, a court analyzes a request for a preliminary injunction under two slightly-different tests. Under one test, the court evaluates whether there is a likelihood of success on the merits, whether there is a likelihood of irreparable harm, whether the balance of equities tips in the movant's favor, and whether an injunction would be in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Under the second test, a court assesses whether "serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor" in addition to showing "a likelihood of irreparable injury and that the injunction is in the public interest." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134–35 (9th Cir. 2011).

## III. Analysis

To obtain relief, Cooper must establish either a likelihood of success on the merits

or serious questions going to the merits. *Id.* at 1134. Although Cooper's complaint asserts numerous federal and state claims, her motion develops only two theories in support of preliminary relief: alleged violations of the Real Estate Settlement Procedures Act ("RESPA") and its implementing regulations, and an Arizona negligent-undertaking theory. (Doc. 6 at 9–10.) No defendant opposed the motion, but their failure to respond does not relieve Cooper of her burden to establish the requirements for preliminary injunctive relief.

Cooper first argues Fay may not conduct the trustee's sale under 12 C.F.R. § 1024.41(g) because Fay received a complete loss-mitigation application more than 37 days before the scheduled sale. (Doc. 6 at 9–10.) She also argues loanDepot and Fay violated RESPA's error-resolution requirements. Section 1024.41 is privately enforceable under section 6(f) of RESPA (12 U.S.C. § 2605(f)). 12 C.F.R. § 1024.41(a). But although § 2605(f) authorizes actual damages, additional damages in certain circumstances, and attorney fees and costs, it does not authorize injunctive relief.[1] *See Tamburri v. Suntrust Mortg., Inc.*, 875 F. Supp. 2d 1009, 1013 (N.D. Cal. 2012) (noting "RESPA does not provide for injunctive relief" and citing case denying injunction to stop foreclosure on that basis); *see also Wirtz v. Specialized Loan Servicing, LLC*, 886 F.3d 713, 719 (8th Cir. 2018) ("[t]he only relief available under RESPA is an award of actual damages and 'additional damages' in certain circumstances."). For that reason, district courts within the Ninth Circuit have repeatedly rejected borrowers' attempts to enjoin foreclosure based on RESPA violations.[2] *See, e.g.*, *Judan v. Wells Fargo Bank, Nat'l Ass'n*, No. 15-CV-05029-HSG, 2017 WL 3115172, at *7 (N.D. Cal. July 21, 2017) (collecting cases); *Wasito v. Specialized Loan Servicing, LLC*, No. 3:17-CV-01279-BEN, 2017 WL 3021118, at *4–5 (S.D. Cal. July 17, 2017). Thus, even assuming Cooper has raised serious questions whether defendants complied with § 1024.41(g) or RESPA's error-resolution

[1] *Mullinax v. Radian Guar. Inc.*, 199 F. Supp. 2d 311, 333 (M.D.N.C. 2002), supplies a more-detailed statutory analysis discussing why.

[2] The ruling in the injunction case Cooper cited, *Ataide v. Selene Fin., LP*, No. 26-CV-02226-NW, 2026 WL 1075666, at *3 (N.D. Cal. Apr. 20, 2026), is not to the contrary: that court granted injunctive relief based on asserted violations of California law.

requirements, those questions do not provide a basis for the preliminary injunctive relief she seeks.

Cooper also briefly argues the servicers negligently created the default underlying the foreclosure in violation of Arizona law. (Doc. 6 at 10 (citing *Steinberger v. McVey ex rel. Cnty. of Maricopa*, 318 P.3d 419, 431–32 (Ariz. Ct. App. 2014)).) In *Steinberger*, the Arizona Court of Appeals expressly limited its negligent-undertaking holding "to the particular allegations" before it. 318 P.3d at 432. Specifically, the court recognized liability may exist where a lender induces a borrower to default by promising a loan modification if the borrower defaults, the borrower defaults in reliance on that promise, the lender then negligently processes or fails to process the modification, and the lender forecloses based on the resulting default. *Id.* Cooper does not identify evidence that loanDepot or Fay induced her to default by promising a loan modification if she stopped making payments. To the contrary, her motion maintains she continued making payments as instructed and the alleged default instead resulted from loanDepot's treatment of those payments and Fay's later refusal to accept additional ones. Those circumstances do not fall within *Steinberger*'s expressly-limited holding.

Additionally, Arizona law requires a plaintiff alleging negligent performance of an undertaking to "allege some sort of physical harm." *Calcut v. Paramount Residential Mortg. Grp. Inc.*, No. CV-22-01215-PHX-JJT, 2024 WL 233175, at *6 (D. Ariz. Jan. 22, 2024), *aff'd*, No. 24-764, 2025 WL 1341672 (9th Cir. May 8, 2025); *see also Cal-Am Props. Inc. v. Edais Eng'g Inc.*, 509 P.3d 386, 391 n.1 (Ariz. 2022) ("disavow[ing]" an earlier case that concluded a negligent-undertaking claim "encompass[ed] purely economic harm."). Cooper alleges defendants' servicing conduct impaired her ownership and equity in the property and threatens the loss of her home, but she identifies no physical harm to her or the property and cites no authority treating the threatened foreclosure as the type of physical harm Arizona requires for a negligent-undertaking claim. (*See* Doc. 6 at 10.) Accordingly, Cooper has not established a likelihood of success or serious questions going to the merits on her negligent-undertaking theory.

Because she has established neither a likelihood of success nor serious questions going to the merits on either of the theories her motion advances, the court need not consider the remaining preliminary-injunction factors. *See Disney Enters., Inc. v. VidAngel, Inc.*, 869 F.3d 848, 856 (9th Cir. 2017).

Finally, Cooper requests that "any order not granting the requested injunction preserve the status quo." (Doc. 6 at 14.) In support of this request, Cooper cites cases discussing stays pending appeal. (Doc. 6 at 14 (citing *Nken v. Holder*, 556 U.S. 418 (2009) and *Leiva-Perez v. Holder*, 640 F.3d 962, 966 (9th Cir. 2011)).) Despite those citations, it appears Cooper is seeking an injunction pending appeal, not a stay. *Leiva-Perez*, 640 F.3d at 966 (contrasting stay pending appeal with injunction). But whether construed as a request for an injunction or as a request for a stay, Cooper is not entitled to relief.

If Cooper is seeking an injunction pending appeal, "[t]he standard for evaluating an injunction pending appeal is similar to that employed by district courts in deciding whether to grant a preliminary injunction." *Feldman v. Arizona Sec'y of State's Off.*, 843 F.3d 366, 367 (9th Cir. 2016). As already explained, Cooper is not entitled to relief under the standard for preliminary injunctions. And if Cooper is seeking a stay, the standard for such a stay again significantly overlaps with the preliminary-injunction factors. *Nken*, 556 U.S. at 434. The four relevant factors are: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Id.* at 425–26 (simplified). The merits and irreparable-harm factors are the most critical. *Id.* at 434. Even where a movant can show a high degree of irreparable injury, she must at least raise "serious legal questions" going to the merits. *Manrique v. Kolc*, 65 F.4th 1037, 1041 (9th Cir. 2023); *see also Index Newspapers LLC v. U.S. Marshals Serv.*, 977 F.3d 817, 824 (9th Cir. 2020) ("The bar for obtaining a stay of a preliminary injunction is higher than the *Winter* standard for obtaining injunctive relief."). Here again, Cooper has not shown a strong likelihood of success or even raised serious questions going to the merits of either

theory presented in her motion. She therefore has not made the necessary showing for relief pending appeal and her request is denied.

Accordingly,

**IT IS ORDERED** the motion for preliminary injunction (Doc. 6) is **DENIED**.

**IT IS FURTHER ORDERED** the request for injunction pending appeal is **DENIED**.

Dated this 26th day of August, 2026.

**Honorable Krissa M. Lanham**
**United States District Judge**